UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN TAFOYA,

          Plaintiff,

v.

ROBERT FERGUSON,

          Defendant.

CASE NO. 3:18-cv-05261-BHS-JRC

ORDER EXTENDING DEADLINE TO SHOW CAUSE AND DENYING APPOINTMENT OF COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United State Magistrate Judge J. Richard Creatura. Currently pending in this action is plaintiff Steven Tafoya's motion for appointment of counsel. Dkt. 8.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*,

113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff argues that, because he is indigent and has attempted to retain pro bono counsel without success, he is entitled to counsel appointed by the Court. Dkt. 8. However, as noted above, appointment of counsel is only appropriate under exceptional circumstances. In his complaint, plaintiff alleged that his constitutional rights were violated when he was housed in segregation because of his mental health issues. Dkt. 6, p. 5. Plaintiff's claim is a relatively straight forward allegation that he was unlawfully placed in segregation, presumably in violation of the Eighth Amendment. Dkt. 6. He has shown he can adequately advocate for himself at this stage in the proceedings. Plaintiff has not shown the exceptional circumstances necessary to appoint counsel and the Court denies his motion (Dkt. 8) without prejudice.

The Court notes that plaintiff still has not cured the deficiencies identified in the Court's initial order to show cause. Plaintiff failed to allege personal participation by the named defendant. Dkt. 7. However, the Court interprets plaintiff's motion to appoint counsel as intent to continue prosecuting his case. Therefore, the Court extends plaintiff's deadline to file an amended complaint or otherwise address the deficiencies identified in the Court's previous order to show cause or amend (Dkt. 7) to **July 27, 2018**.

The Clerk is directed to note the above date on the docket. The Clerk is also directed to provide plaintiff with a copy of this order, a copy of the Court's previous order to show cause or amend (Dkt. 7), and provide plaintiff with the forms necessary for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to provide plaintiff with a copy of the Pro Se Instruction Sheet.

Dated this 26th day of June, 2018.

J. Richard Creatura
United States Magistrate Judge