UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN TAFOYA,

            Plaintiff,

   v.

ROBERT FERGUSON and TOD THOMA,

            Defendants.

CASE NO. 3:18-cv-05261-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: December 14, 2018

    This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff Steven Tafoya filed this action in March of 2018. Dkt. 1. However, because mail from the Court addressed to plaintiff has been returned the Clerk as undeliverable and plaintiff did not update his address within sixty days, the Court recommends dismissing plaintiff's action without prejudice.

    Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. If mail sent to a *pro se* plaintiff by the

Clerk is returned, and if the plaintiff fails to notify the Court and opposing parties of his or her current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. LCR 41(b)(2).

Here, the Court ordered plaintiff to show cause or file an amended complaint on August 22, 2018. Dkt. 16. However, that order was returned to the Clerk, stamped with "RETURN TO SENDER . . . Inmate No Longer Here." Dkt. 17. The returned order was received by the Clerk on August 30, 2018. *Id*. As such, the Court has received returned mail sent to a *pro se* plaintiff, and plaintiff has not updated his address within sixty days. Therefore, pursuant to LCR 41(b), the Court recommends plaintiff's action be dismissed without prejudice for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 14, 2018** as noted in the caption.

Dated this 27th day of November, 2018.

J. Richard Creatura
United States Magistrate Judge